Andrew Delahunt, Esq. (SBN 285512)
Law Office of Andrew Delahunt
8749 Holloway Drive
West Hollywood, CA 90069
Tel: (310) 351-7332
Fax: (310) 652-1501
delahuntlaw@gmail.com

Nate Kleinman, Esq. (to be admitted *pro hac vice*)
The McCulloch Law Firm, PLLC
155 East 56th Street
New York, NY 10022
Telephone: (212) 355-6050
Fax: (206) 219-6358
nate@mccullochiplaw.com

*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ESTEVAN ORIOL, | Civil Case No. |
| *Plaintiff*, | |
| v. | |
| TOSKA, INC. and J.S. PARK CREATIVE, INC. (d/b/a VINTAGE POINT), | JURY TRIAL DEMANDED |
| *Defendants*. | |

## COMPLAINT

Plaintiff ESTEVAN ORIOL ("Plaintiff"), by and through undersigned counsel and pursuant to the applicable Federal Rules of Civil Procedure and the Local Rules of this Court, hereby demands a trial by jury of all claims and issues so triable, and, as and for his Complaint for

copyright infringement against Defendants TOSKA, INC. and J.S. PARK CREATIVE, INC. (d/b/a VINTAGE POINT) ("Defendants") hereby asserts and alleges as follows:

## NATURE OF THE ACTION

1. This is an action for copyright infringement and related claims brought against Defendants for unauthorized and infringing uses of Plaintiff's copyrighted photograph.

2. Plaintiff seeks damages and other relief related to Defendants' knowing and willful infringements of Plaintiff's copyrights in the original photographic work identified in Exhibit 1 that is the subject of this action.

## PARTIES

3. Plaintiff is a world-renowned professional photographer who makes his living by taking and licensing photographs.

4. Plaintiff is a resident of Los Angeles, California.

5. Plaintiff created and owns the copyrights to the photographic work at issue in this action.

6. Defendant Toska, Inc. ("Toska") is a women's clothing retailer, manufacturer, and wholesaler with its primary place of business at 1100 South San Pedro Street, Suite 1-6, Los Angeles, California 90015.

7. Defendant J.S. Park Creative, Inc., d/b/a Vintage Point ("Vintage Point") owns and operates a screen-printing service with its primary place of business at 3416 Emery Street, Los Angeles, California 90023.

## JURISDICTION AND VENUE

8. Jurisdiction for Plaintiff's claims lie with the United States District Court for the Central District of California pursuant to the Copyright Act of 1976, 17 U.S.C. §§ 101, *et seq.*, 28 U.S.C. § 1331 (conferring original jurisdiction "of all civil actions arising under the Constitution,

laws, or treaties of the United States"), and 28 U.S.C. § 1338(a) (conferring original jurisdiction over claims arising under any act of Congress related to copyrights).

9. Venue is proper in this Court under 28 U.S.C. § 1400(a) because Defendants may be found in this District.

10. This Court has personal jurisdiction over Defendants because they conduct substantial and ongoing business in the State of California and because their primary places of business are located in this District.

## FACTUAL ALLEGATIONS

11. Plaintiff is the author and copyright owner of the iconic photograph entitled, "LA Fingers," (the "Photograph") attached as Exhibit 1.

12. Plaintiff registered his copyright in the Photograph at issue with the United States Copyright Office prior to the infringements alleged herein.

13. Defendant Toska created a t-shirt (identified by Toska as style #TT12153) (the "Infringing Shirt") that prominently features an unauthorized copy of Plaintiff's Photograph.

14. A true and correct copy of a photograph of Toska's Infringing Shirt is attached hereto as Exhibit 2.

15. Upon information and belief, Defendant Toska engaged the services of Vintage Point to print the Infringing Shirt, including copying Plaintiff's Photograph without permission.

16. Defendant Toska sold the Infringing Shirt at its retail store and profited from such unauthorized use of Plaintiff's Photograph.

17. The Infringing Shirt includes an unauthorized and infringing copy of Plaintiff's Photograph that Defendants copied and used without permission.

# COUNT I
# COPYRIGHT INFRINGEMENT

18. Plaintiff repeats and re-alleges each allegation set forth above as if set forth fully herein.

19. Plaintiff is the author and registered copyright owner of the Photograph.

20. Defendants copied, reproduced, printed, displayed, offered for sale, and sold products that featured unlicensed copies of Plaintiff's Photograph.

21. Defendants' infringements were willful, knowing, and intentional.

22. By copying, distributing, displaying, publishing, and otherwise exploiting Plaintiff's copyrighted work, Defendants infringed Plaintiff's copyrights in the Photograph and caused Plaintiff significant injuries, damages, and losses in amounts to be determined at trial.

23. Plaintiff seeks all damages recoverable under the Copyright Act, including statutory or actual damages, including Defendants' profit attributable to the infringements, and damages suffered as a result of the lack of compensation, credit, and attribution from any diminution in the value of Plaintiff's copyrighted work.

24. Plaintiff also seeks all attorneys' fees and any other costs incurred in pursuing and litigating this matter.

**WHEREFORE,** Plaintiff respectfully prays for judgment on his behalf and for the following relief:

1. A trial by jury of all claims and issues so triable;

2. A preliminary and permanent injunction against Defendants from copying, displaying, distributing, advertising, promoting, and/or exploiting in any manner the copyrighted work identified herein, and requiring Defendants to deliver to the Court for destruction or other appropriate disposition all relevant materials, including digital files of Plaintiff's photograph and all copies of the infringing materials described in this complaint that are in the control or possession or custody of Defendants;

3. All allowable damages under the Copyright Act, including, but not limited to, statutory or actual damages, including damages incurred as a result of Plaintiff's loss of licensing revenue and Defendants' profits attributable to infringements, and damages suffered as a result of the lack of credit and attribution;

4. Plaintiff's full costs, including litigation expenses, expert witness fees, interest, and any other amounts authorized under law, and attorneys' fees incurred in pursuing and litigating this matter;

5. Any other relief authorized by law, including punitive and/or exemplary damages; and

6. For such other and further relief as the Court deems just and proper.

Dated:   August 29, 2016

Respectfully submitted,

/s/ Nate Kleinman
Nate Kleinman (to be admitted *pro hac vice*)
The McCulloch Law Firm, PLLC
155 East 56th Street
New York, New York 10022
Tel: (212) 355-6050
nate@mccullochiplaw.com

-and-

Andrew Delahunt, Esq. (SBN 285512)
Law Office of Andrew Delahunt
8749 Holloway Drive
West Hollywood, CA 90069
Tel: (310) 351-7332
Fax: (310) 652-1501
delahuntlaw@gmail.com